## CIRCUIT COURT OF THE CITY OF RICHMOND

Glen D. Smith, Jr.

v.

Bank of Virginia

v.

Waymouth P. Elswick
and Betty Elswick

January 5, 1978

Case No. A-674

### By JUDGE WILLARD I. WALKER

The ruling in this case turns entirely upon a proper interpretation of Virginia Code § 8.3-419 wherein it says in subsection 2 "In any other action under subsection 1 the measure of liability is presumed to be the face amount of the instrument."

A determination of just what this presumption is and what its effect is in consideration of the evidence in the present case is determinative of the case itself. Clearly, a plaintiff seeking to recover from a bank as a converter of a forged instrument may establish the forgery and from that will receive the benefit of the presumption stated in Code § 8.3-419. It would thus be unnecessary for such plaintiff to establish the measure of the bank's liability to him, since the presumption will have accomplished that fact.

Under the facts of this case, the presumption is not only that the amount of the check converted is the

face amount shown, but that the interest of the plaintiff in that check is likewise the face amount shown.

In determining the evidentiary value of such a presumption and its effect upon the lawsuit, particularly when rebutting evidence has been submitted by the bank, the court must determine whether or not this language is a presumption under the so-called Wigmore-Thayer theory of presumptions or under the so-called Morgan theory of presumptions. Under the Wigmore-Thayer theory, a presumption has no evidentiary value in and of itself. The presumption is simply a device to enable the plaintiff to make a *prima facie* case upon which he could otherwise recover when he has no evidence to accomplish this. Under this theory, if any rebutting evidence is submitted by the defendant, which, if believed would be sufficient to rebut the presumption, then the presumption is no longer valid and has no evidentiary weight. It is not necessary that the rebutting evidence be found to be a fact by the trier of the fact but only that it be evidence which if believed or believable would constitute sufficient rebutting evidence to eliminate the effect of the presumption.

Under the Morgan theory of presumptions, the presumption carries evidentiary weight so that if a case was being tried by a jury the court would have to submit the matter to the jury stating the presumption in plaintiff's favor and the rebutting evidence and allowing the jury to weigh the evidentiary value of the presumption against the evidence that had been submitted in rebuttal. This is the way the Supreme Court of Virginia seems to approach most evidentiary presumptions in the decided cases, although I know of no instance where specific reference to the two accepted theories on presumptions has been stated.

To determine whether or not the presumption stated in Code § 8.3-419 is a Wigmore-Thayer or a Morgan theory presumption, it is necessary to refer to Virginia Code Section 8.1-201(31) which reads as follows:

> "Presumption" or "presumed" means that the trier of fact must find the existence of the fact presumed unless and until evidence is introduced which *would* support a finding of its nonexistence. (Emphasis added.)

In my opinion, the definition of presumptions which controls the word's use in § 8.3-419 is quite clearly a Wigmore-Thayer definition. Thus, although the plaintiff is entitled to a presumption that his recovery from the bank is the face amount of the converted draft, the bank has put forth evidence that his interest in the draft is not 100%. This evidence would support a finding of the nonexistence of the "fact" that the bank's measure of liability to him is the face amount of the draft. It is not necessary that the court make an adjudication at this point as to whether the rebutting evidence is factually true or not, only that the rebutting evidence, if true, would negate the presumption which had temporarily created the "fact" in issue. Thus, the rebutting evidence on the part of the defendant shifts the entire burden of proof back to the plaintiff to establish his interest in the check. The court is of the opinion that the evidence of the plaintiff in this case fails to establish 100% ownership by the plaintiff in the converted draft, and further that the evidence submitted to the court is insufficient for the court to make any determination of what is the plaintiff's true interest in the check. Accordingly, the plaintiff's case fails for his failure to meet the requisite burden of proof.

Judgment must, therefore, be rendered in favor of the defendant Bank of Virginia, and, obviously, also in favor of the third-party defendant Elswick on the third-party motion for judgment.